UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JACKSON,

      Plaintiff,                                         Hon. Janet T. Neff

v.                                                    Case No. 1:20-cv-844

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 29 years of age on his alleged disability onset date. (ECF No. 10-6, PageID.226). Plaintiff successfully completed high school and worked previously as an anodizer. (ECF No. 10-2, PageID.66). Plaintiff applied for benefits on January 16, 2018, alleging that he had been disabled since March 1,

-2-

2014, due to Erb's Palsy, chronic pain in his neck, back, and left arm, anxiety, panic disorder, depression, and insomnia. (ECF No. 10-6, 10-7, PageID.226-28, 246).

Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Kevin Himebaugh, in an opinion dated July 26, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 10-2, 10-3, PageID.56-107). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision. (ECF No. 10-2, PageID.37-41). Plaintiff later initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on March 31, 2018. (ECF No. 10-2, PageID.58); *see also*, 42 U.S.C. § 423(c)(1). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315-16 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) Erb's Palsy; [1] (2) degenerative disc disease of the cervical and lumbar spine; (3) major depressive disorder; and (4) anxiety disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 10-2, PageID.58-61).

[1] Erb's Palsy is a type of "obstetric brachial plexus injury," which "results in loss of sensation and muscle weakness or paralysis involving muscles of the shoulder region and upper extremity." Erb's Palsy, available at https://www.aanem.org/Patients/Muscle-and-Nerve-Disorders/Erb-s-Palsy (last visited on Nov. 23, 2021).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can occasionally climb ramps and stairs, but can never climb ladders or scaffolds; (2) he can frequently balance, kneel, and crouch; 93) he can occasionally stoop, but never crawl; (4) he cannot perform work requiring use of his non-dominant left upper extremity, other than an occasional assist to the right upper extremity; (5) he cannot work with concentrated exposure to vibration; (6) he cannot work at unprotected heights; (7) he can perform simple, routine tasks and can make simple work-related decisions; (8) he can have frequent interaction with supervisors and occasional interaction with co-workers and the public; and (9) he can tolerate and adapt to no more than occasional changes in a routine work setting.  (*Id.*, PageID.61).

The ALJ found that Plaintiff was unable to perform his past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316.  In satisfying this burden, the ALJ may rely on a vocational expert's testimony.  *Ibid*.

In this case, a vocational expert testified that there existed approximately 45,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (ECF No. 10-3, PageID.103-05).  This

represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.     Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). The ALJ found that Plaintiff retained the ability to perform a limited range of light work. Plaintiff argues that this determination is not supported by substantial evidence. The Court agrees.

On November 27, 2018, Plaintiff was examined by Dr. Richard Ball. (ECF No. 10-14, PageID.636-41). Plaintiff reported that he was experiencing pain in his neck and throughout his left shoulder. (PageID.637). Plaintiff exhibited "limited external rotation" of his left shoulder "making it difficult to place his hand in a functional position." (*Id.*, PageID.639). The doctor noted that Plaintiff "cannot get [his] left hand to his mouth independently." (*Id.*, PageID.640). The doctor observed that Plaintiff "clearly has major functional issues with the left upper extremity, primarily related to weakness of left elbow movers, and to a lesser degree,

decreased shoulder range of motion in external rotation and abduction." (*Id.*, PageID.640). Plaintiff was treated with trigger point injections and referred to physical therapy. (*Id.*, PageID.632-37).

Treatment notes dated March 15, 2019, indicate that Plaintiff's continued pain "is largely musculoskeletal, and most likely related to the fact that he must substitute so much scapulothoracic motion in order to get his left hand in a useful position that it is precipitating musculotendinous pain in the medial scapular movers." (*Id.*, PagID.631). Examination revealed that Plaintiff "has restricted pronation/supination of the left forearm which makes it very difficult to get the left hand into useful position for functional activities." (*Id.*, PageID.629). As the doctor more succinctly stated, Plaintiff is experiencing "left shoulder pain secondary to abnormal shoulder mechanics as a result of Erb's palsy." (*Id.*, PageID.630). The doctor further noted that "if [Plaintiff] uses the left upper extremity for almost any functional activities, it is going to be difficult to avoid this problem."

On May 24, 2019, Plaintiff participated in an electrodiagnostic examination the results of which revealed "a relatively severe process" at the C5-T1 level "consistent with his left Erb's palsy." (*Id.*, PageID.653). Dr. Ball reiterated that "this is not a problem with a surgical solution and the majority of this is related to myofascial pain involving the left periscapular muscles as a result of his impaired range of motion in his left upper extremity requiring excess scapulothoracic motion to compensate." (*Id.*, PageID.654).

In discussing the medical record, the ALJ simply disregarded the evidence provided by Dr. Ball.[2] The ALJ instead focused on evidence demonstrating that Plaintiff was not experiencing a spinal cord abnormality or nerve impairment. (ECF No. 10-2, PageID.62-63). While these observations are not inaccurate, they are incomplete. As Dr. Ball's examinations (and the medical record as a whole) make clear, Plaintiff's difficulties do not arise from spinal cord issues or nerve impairment. Instead, Plaintiff suffers from a severe and painful musculoskeletal issue caused by an injury suffered at birth. As a result, Plaintiff has only minimal use or function of his left upper extremity. Moreover, use by Plaintiff of his left upper extremity not only causes pain, it exacerbates his underlying impairment. The ALJ, in his analysis, simply ignored this evidence which is contrary to his RFC assessment. Simply put, the evidence, when considered in its entirety, does not support the conclusion that Plaintiff can "occasionally" use his left upper extremity to perform light work on a regular and continuing basis. As a result, the ALJ's RFC finding is not supported by substantial evidence.

To be clear, the Court is not suggesting that Dr. Ball's observations should take precedence or are worthy of significant weight. The error the ALJ made is not that he afforded too little weight to Dr. Ball's observations, but rather that he simply appears to have disregarded this evidence altogether. Thus, this is not a situation

---

[2] The only reference in the ALJ's opinion to Dr. Ball's treatment of Plaintiff is a citation supporting the conclusion that Plaintiff is right hand dominant, a matter not in dispute. (ECF No. 10-2, PageID.63).

in which Plaintiff merely disagrees with how the ALJ weighed and balanced the evidence. Instead, this is a circumstance in which the ALJ failed to meaningfully engage with relevant evidence that plainly undermines his RFC assessment.

## II.    Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).   This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking."  *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.  Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                      Respectfully submitted,

Date: November 29, 2021                /s/ Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge