UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRIAN JACKSON,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Janet T. Neff

Case No. 1:20-cv-844

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act. (ECF No. 20). The Court recently remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $4,243.75 in attorney's fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. See 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award

unjust." 28 U.S.C. § 2412(d)(1)(A).

The Commissioner has not asserted that his position in this matter was substantially justified. Likewise, the Court finds the number of hours expended in this matter, as well as the hourly rate requested, to be reasonable. *See, e.g.,* 28 U.S.C. § 2412(d)(2)(A) (a request for EAJA fees must be "reasonable"); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (the plaintiff has the burden to demonstrate that his EAJA fee request is reasonable).

Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of four thousand, two hundred forty-three dollars and seventy-five cents ($4,234.75). But, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), this order awarding EAJA fees must be entered in Plaintiff's favor. *Id.* at 591-93; see also, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 20) be granted. Specifically, the undersigned recommends that Plaintiff be awarded four thousand, two hundred forty-three dollars and seventy-five cents ($4,243.75) pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                            Respectfully submitted,

Date: March 9, 2022                              /s/ Phillip J. Green
                                                         PHILLIP J. GREEN
                                                         United States Magistrate Judge